UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ANGELA STONE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 13-23-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, | ) | **AND ORDER** |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Deadlines have their name for a reason. Missing them can be fatal to a plaintiff's suit. Such is the case here. Angela Stone filed her Social Security appeal fifty-two days after the deadline for seeking judicial review had passed. The Court must therefore dismiss her complaint.

The Commissioner, citing the sixty-day deadline for seeking judicial review, moves to dismiss Stone's complaint for failure to state a claim upon which relief can be granted. R. 7 (citing Fed. R. Civ. P. 12(b)(6)). Stone never responded to the Commissioner's motion. For this reason alone, the motion is granted. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at \*2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"). Even if Stone had objected to the motion to dismiss, it would be granted for the reasons given below.

Stone's complaint seeks judicial review of the Commissioner's decision to deny her claim for social security disability benefits. R. 1. Claimants must seek judicial review within sixty days of the Appeals Council's denial of their request for review of the administrative law judge's ("ALJ") decision. 42 U.S.C. § 405(g); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434–36 (6th Cir. 2007) (calculating the sixty-day limit from the Appeals Council's denial of review). The Appeals Council denied Stone's request to review the ALJ's decision on September 28, 2012. R. 7-1 at 21. There is a rebuttable presumption that Stone received notice of that decision within five days of the date the Council issued the order. 20 C.F.R. § 422.210(c). And Stone offers no evidence to rebut that presumption. So the sixty-day clock for seeking judicial review began to run on October 3, 2012, making the deadline to seek judicial review Monday, December 3, 2012.

That deadline did not change when Stone filed a "request to re-open and revise" the Appeals Council's decision on October 25, 2012. R. 7-1 at 30. Nor did it change when the Appeals Council denied that motion on November 29, 2012. *Id.* at 31–32. The Appeals Council's decision to deny Stone's motion to reopen and revise was not a final decision and is not subject to judicial review. *See Harper v. Sec'y of Health & Human Servs.*, 978 F.2d 260, 262 (6th Cir. 1992) (citing, *inter alia*, *Califano v. Sanders*, 430 U.S. 99, 107–09 (1977)). Tying the deadline for seeking judicial review to the November 29 decision, which is not itself susceptible to judicial review, would make no sense. *See Kinyoun v. Ribicoff*, 194 F. Supp. 528, 529 (W.D. Mo. 1961) (refusing to tie the sixty-day period to the date of the Appeals Council's refusal to reopen or modify its previous order); *cf. Califano*, 430 U.S. at 108 ("[A]n interpretation that would allow a claimant judicial review simply by filing and

2

being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evinced in § [4]05(g), to impose a 60-day limitation upon judicial review . . . ."). In an analogous context, the Board of Immigration Appeals' decision denying an immigrant's application for asylum starts the clock for seeking judicial review, not the Board's decision denying a motion for reconsideration. *See Stone v. I.N.S.*, 514 U.S. 386, 398 (1995); *Valle v. Holder*, 466 F. App'x 512, 513 (6th Cir. 2012). Thus, as 42 U.S.C. § 405(g) clearly provides, the period for seeking judicial review began when the Commissioner made a "final decision" on Stone's claim. And that date was September 28, 2012. *See* R. 7-1 at 21; *see also Cook*, 480 F.3d at 434–36 (counting from the Appeals Council's initial decision to deny review of the ALJ's decision).

Stone filed her complaint on January 24, 2012, fifty-two days past the deadline for seeking judicial review. *See* R. 1. Since Stone did not respond to the Commissioner's motion to dismiss, *see* LR 7.1(c), the Court has no reason to believe that there are circumstances that justify equitable tolling, if such tolling was even available. *See Kellum v. Commissioner*, 295 F. App'x 47, 49 (6th Cir. 2008) (placing the burden on the late-filing claimant to submit evidence establishing "exceptional circumstances warranting equitable tolling"). Also, Stone had a means of tolling the filing time, but she did not take advantage of it. The regulations governing social security appeals specifically provide that an applicant may have the sixty-day time period extended for "good cause." 20 C.F.R. § 422.210(c). Stone never sought such an extension. And where such a mechanism is available to an appellant, no equitable reasons exist to create a tolling provision outside the statute and regulations themselves.

3

Accordingly, it is **ORDERED** that:

(1) The Commissioner's motion to dismiss, R. 7, is **GRANTED**.

(2) The plaintiff's complaint, R. 1, is **DISMISSED WITH PREJUDICE**.

(3) This case is **STRICKEN** from the Court's active docket.

(4) A separate Judgment will issue.

This the 29th day of April, 2013.

Signed By:
*Amul R. Thapar* AT
United States District Judge